FILED
SUPERIOR COURT
OF GUAM

2025 APR 15 PM 5: 18

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| BRYANT SEAN HAYWARD,<br><br>Plaintiff,<br><br>vs.<br><br>PARASKEVI SIDERAKIS,<br><br>Defendant. | CIVIL CASE NO. CV0703-23<br><br><br><br>**DECISION AND ORDER**<br>Re: Defendant's Motion to Dismiss |

This matter came before the Honorable Arthur R. Barcinas on January 16, 2025 for a motion hearing on Defendant Paraskevi Siderakis's ("Defendant") Motion to Dismiss ("Motion"), filed on July 5, 2024. Plaintiff Bryant Sean Hayward ("Plaintiff") was present virtually with Attorney Michael J. Berman, and Defendant was present virtually with Attorney Catherine Bejerana Camacho.

## BACKGROUND

The parties were married in 2002 and allegedly finalized an uncontested divorce in Guam on March 17, 2021 pursuant to Guam's seven-day residency divorce statute, 19 GCA § 8318(b). While allegedly finalizing the divorce, Plaintiff stated under penalty of perjury that he had met the seven-day residency requirement, and the divorce decree was subsequently issued. After the alleged divorce, the parties executed a Dissolution of Assets Agreement in which they agreed to divide the community assets. The parties also agreed upon child support payments, which Plaintiff made sporadically before stopping payments entirely after April 2023. After the

payments stopped, Defendant filed a child support collection action. On December 15, 2023, Plaintiff filed the Complaint to Set Aside the Divorce Decree ("Complaint") asserting that he did not actually satisfy the seven-day residency requirement and arguing that any divorce decree received without full compliance with the residency requirement should be nullified for lack of jurisdiction.

On July 5, 2024, Defendant filed the instant Motion, seeking dismissal for lack of personal jurisdiction under Guam Rules of Civil Procedure ("GRCP") 12(b)(1), arguing that the Court lacks personal jurisdiction over the parties because neither is a Guam resident or domiciliary. Defendant also seeks dismissal for failure to state a claim for which relief may be granted, pursuant to GRCP 12(b)(6), arguing that the divorce decrees were validly issued, and that the issues which Plaintiff now raises are barred by *res judicata* because they were already decided in the earlier divorce proceedings, and that Plaintiff is not entitled to relief due to his fraudulent conduct.

On August 1, 2024, Plaintiff filed his Opposition, arguing that the divorce decree violates public policy because it was issued based on his perjury, and asserting that Defendant cannot claim any surprise or confusion over this case because she was allegedly aware that Plaintiff did not reside on Guam for the legally required seven days.

On August 16, 2024, Defendant filed her Reply. First, Defendant asserted that Plaintiff based personal jurisdiction in this case solely upon the existence of the divorce decrees in the domestic case, which allegedly establishes sufficient minimum contacts in this case. Defendant argues that this argument is inconsistent with Plaintiff's Complaint, in which Plaintiff argued that he did not meet the Guam jurisdictional residency requirement to file for divorce in the domestic case under 19 GCA § 8318(b). Defendant also argues that Plaintiff fails to cite any

case authority to support his assertion that he has established minimum contacts. Second, Defendant asserts that Plaintiff did not properly challenge Defendant's 12(b)(6) argument by stating any set of facts in support of his claims that would entitle him to relief. Finally, Defendant asserts that Plaintiff's reliance upon public policy is undercut by his commission perjury that both the Court and Defendant relied upon, and that rewarding such behavior would be a greater offense against public policy.

The Court took the matter under advisement on January 16, 2025.

## DISCUSSION

Defendant moves for dismissal of the Plaintiff's Complaint pursuant to GRCP 12(b)(2), for alleged lack of jurisdiction over the parties, and GRCP 12(b)(6), for alleged failure to state a claim upon which relief can be granted.

### I.      Legal Standard

#### A. GRCP 12(b)(2)

GRCP Rule 12(b)(2) allows a court to dismiss a complaint for lack of jurisdiction over the person. "A court of this territory may exercise jurisdiction over [nonresident defendants] on any basis not inconsistent with the Organic Act or the Constitution of the United States." 7 GCA § 14109. "Title 7 GCA § 14109 confers upon the trial court the statutory authority to exercise jurisdiction 'up to and including all that is constitutionally permissible' and the Due Process Clause requires a defendant to have 'certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Mariano v. Surla*, 2010 Guam 2 ¶ 23; *PCI Commc'ns, Inc. V. GST Pacwest Telecom Haw., Inc.*, 1999 Guam 17 ¶ 17. "Assuming minimum contacts are established, a court may exercise personal jurisdiction in two ways: (1) general jurisdiction 'where a defendant's

activities in a state are either substantial or continuous and systematic'; or (2) limited or specific jurisdiction 'where the defendant's contacts with the forum, though limited, are sufficiently related to the cause of action." *Id.*

The Guam Supreme Court has held that, if a nonresident defendant's activities within a state are substantial or continuous and systematic, there is a sufficient relationship between the defendant and the forum to support general jurisdiction even if the cause of action is unrelated to the defendant's forum activities. *Id.* ¶ 24. Alternatively, the Court may assert limited or specific jurisdiction "where the defendant's contacts with the forum, though limited, are sufficiently related to the cause of action." *Id.* ¶ 25. The Guam Supreme Court applies a three-part test to determine whether limited or specific jurisdiction is appropriate: (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Id.* "The first part, whether a defendant has purposefully availed himself of the laws of Guam, is satisfied when a defendant takes deliberate actions within the forum state or creates continuing obligations to forum residents." *Id.* ¶ 26. The above factors "are not rigid parts of a mechanical test but rather are part of a balancing test applied in accordance with the facts and circumstances of a particular case"; however, "a finding of purposeful availment presumes the reasonableness of asserting jurisdiction." *Id.* ¶ 28.

B. GRCP 12(b)(6)

GRCP Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Guam R. Civ. P. 12(b)(6). Guam law requires only a short

and plain statement of the claim showing entitlement to relief. *Ukau v. Wang*, 2016 Guam 26 ¶ 52. Whether a plaintiff pleaded or proved his claim by preponderance of the evidence is immaterial at the 12(b)(6) phase; Plaintiff merely has to state sufficient facts to place Defendant on notice of his claim. *Wang*, 2016 Guam 26 ¶ 53.

While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Wang*, 2016 Guam 26 ¶ 26. Beyond this, the Supreme Court has declined the invitation to apply a heightened plausibility standard to local civil proceedings, and it imposes only a liberal notice pleading requirement. *See id.* at ¶ 33. When reviewing a Rule 12(b)(6) motion, the trial court must construe the pleading in the light most favorable to the non-moving party and resolve all doubts in the non-moving party's favor. *Id.* at ¶ 51. In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies. *Core Tech Int'l Corp. v. Hanil Eng. & Constr. Co.*, 2010 Guam 13 ¶ 29.

II.    **Analysis**

In regard to dismissal under GRCP 12(b)(2), the Court does not find dismissal for lack of personal jurisdiction appropriate. Under Guam law, extending personal jurisdiction to a nonresident defendant is appropriate if (1) the nonresident defendant has done some act or consummated some transaction with the forum or performed some by which they purposefully avail themself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws; (2) the claim is one which arises out of or results from the

defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Surla,* 2010 Guam 2 ¶ 25. In agreeing to the divorce and to Plaintiff's plan to conduct the divorce under Guam's seven-day divorce statute, Defendant availed herself of the privilege of conducting the divorce proceedings on Guam, thereby invoking the benefits and protection of Guam law. Plaintiff's claim in this case arises out of that divorce, and under Guam law, "a finding of purposeful availment presumes the reasonableness of asserting jurisdiction." *Id.* ¶ 28. Thus, under the three-part test for limited or specific jurisdiction, the Court finds that it has sufficient personal jurisdiction over Defendant.

In regard to Defendant's GRCP 12(b)(6) claim, however, the Court finds that dismissal is appropriate for failure to state a claim for which relief can be granted. Defendant's entire claim is predicated on an assertion that he knowingly perjured himself before the Court on a jurisdictional issue. The Guam Supreme Court and the U.S. Supreme Court have both found that jurisdictional issues raised in a later case are barred by *res judicata,* and that where a party is afforded their day in court with respect to every issue involved in the litigation, including personal jurisdiction issues, "there is nothing in the concept of due process which demands that a defendant be afforded a second opportunity to litigate the existence of jurisdictional facts." *Dresser-Rand Company v. Guam Industrial Servs., Inc.*, 2019 Guam 4 ¶ 17; *Sherrer v. Sherrer,* 334 U.S. 343, 348 (1948). In a divorce case where a court found that possessed the requisite jurisdiction, and that judgment was later subjected to collateral attack on jurisdictional grounds, the U.S. Supreme Court held that "the doctrine of res judicata applies to adjudications relating either to jurisdiction of the person or of the subject matter where such adjudications have been made in proceedings in which those questions were in issue and in which the parties were given full opportunity to litigate." *Sherrer,* 334 U.S. at 349-350. "After a party has his day in court,

with opportunity to present his evidence and his view of the law, a collateral attack upon the decision as to jurisdiction there rendered merely retries the issue previously determined." *Id.* at 350.

The divorce decree issued by the Court in the domestic case was predicated upon Plaintiff's sworn statement that he had met the jurisdictional seven-day requirement to qualify for the decree. Having admitted that he was aware of his misrepresentation to the Court, Plaintiff had ample time to admit his perjury and correct the jurisdictional defect over the course of that case. Further, after the Court issued its divorce decree, Plaintiff also had available to him the right to seek an appeal of the decree based on that jurisdictional defect. For Plaintiff to raise the issue now, in a separate complaint, is not only disingenuous; it is barred by res judicata because Plaintiff had multiple opportunities to litigate the jurisdictional issue but did not address it. This is further compounded by the fact that Plaintiff agreed to divide the marital assets and, to at least some extent, pay child support pursuant to an agreement based upon the alleged divorce, indicating that he seemingly had no intent of arguing the jurisdictional issue that he was well aware of until he felt such argument might be to his benefit. Because the Complaint is based entirely upon the Court's alleged lack of personal jurisdiction over Defendant in the domestic case, the Court finds that Defendant is no longer able to litigate the question of jurisdiction in that case, and thus has no claim for which relief can be granted. Accordingly, the Court **GRANTS** the Motion to Dismiss pursuant to GRCP 12(b)(6).

/ / /

/ /

/

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendants' Motion to Dismiss.


**IT IS SO ORDERED** _____APR 1 5 2025_____ .


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**